J. A. Denison, Manager-Real Estate, Delaware and Hudson Railway, Appellant, *v.* Joseph Petrenchak, Zoning Officer, Township of Plains, Appellee.

Argued October 11, 1974, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*James E. O'Brien,* for appellant.

*Joseph C. Giebus,* for appellee.

OPINION BY JUDGE ROGERS, November 20, 1974:

The Delaware and Hudson Railway Company, a public utility operating in interstate commerce, has appealed from an order of the Court of Common Pleas of Luzerne County dismissing its appeal from its conviction (and sentence to pay a fine of $175 and costs) by a justice of the peace in summary proceedings of violating the zoning ordinance of Plains Township. The appellant has had a railroad yard in the township since a time antedating any zoning regulations. When zoning came the yard was placed in a district in which the appellant's activities were proscribed. Because certain of its facilities in nearby Wilkes-Barre were affected by urban development, the appellant was required to establish a diesel fueling operation in the Plains Township yard in connection with which it required fuel storage facilities. It requested that the yard be rezoned to permit a tank but the township commissioners denied its application. It then, without applying for a permit under the township zoning ordinance, moved a tank car onto an existing track. The township's complaint charged the appellant with violating Sections 9.0211 and 9.0212 of the zoning ordinance, providing respectively that a zoning permit shall be required prior to the erection of any structure and that applications for zoning permits shall be made in writing to the zoning officer.

The appellant advances a number of reasons why it was not required to apply for or receive a permit before locating its tank car on the tracks for the purpose described. Its assertion that the Pennsylvania Public Utility Commission has exclusive jurisdiction is ineffective because Section 619 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, *as amended,* 53 P.S. §10619, exempts activities of public utilities from zoning regulation only where the PUC

has granted a certificate of public convenience, which it had not here because not requested to do so by the appellant. The argument that the mere requirement of application for a permit is an undue burden on interstate commerce is equally without merit because the effect of such requirement on such commerce was not shown. The appellant's contentions that the ordinance's regulations are substantively unconstitutional and that it is entitled to place and use the tank car as part of an extension of its nonconforming use of the yard are irrelevant to the sole issue here of whether the appellant was required to seek a permit.

However, the appellant further contends that the placement of the tank car is exempted by specific provision of the Plains Township ordinance and with this argument we agree.

Section 2.122 of the ordinance provides pertinently: "Nothing in this Ordinance shall prohibit the erection, construction, alteration or maintenance of essential services, by public utilities . . . and *no zoning certificate shall be required for any such structure*; provided, however, that the provisions of this paragraph shall not apply to buildings, towers or storage yards of such public utilities . . . except when conforming to the procedure specified by the Pennsylvania Municipalities Planning Code, Act 247, Article VI, Section 619." (Emphasis supplied.) The appellant clearly demonstrated at the hearing on its appeal from the summary conviction that some sort of facility for fueling its diesel locomotives was essential to the performance of its services. The township argued vigorously that the tank was a structure.[1] Certainly, the tank car is not a building, tower

---

[1] The appellant contended, *inter alia*, that the car was *not* a structure and therefore that no zoning permit was required. We agree with the township that the car as employed is within the Ordinance's and the MPC's definition of a structure as a "man-made

386

or storage yard, excepted from the operation of Section 2.122 absent the grant of a certificate of necessity by the PUC pursuant to Section 619 of the Pennsylvania Municipalities Planning Code, 53 P.S. §10619.

The order of the court below and the judgment of sentence are reversed.

---

object having an ascertainable stationary location not in land or water, whether or not affixed to the land." Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, §107(20), 53 P.S. §10107(20).